IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAHEEM M. WILSON,<br>    Plaintiff,<br><br>v.<br><br>PHILADELPHIA FAMILY COURT<br>DISTRICT, *et al.*,<br>    Defendants. | :<br>:<br>:<br>:  CIVIL ACTION NO. 24-CV-5144<br>:<br>:<br>:<br>: |

## MEMORANDUM

BAYLSON, J.                                                                                      OCTOBER 17, 2024

Currently before the Court are a civil rights Complaint and Motion to Proceed *In Forma Pauperis* filed by Plaintiff Raheem M. Wilson. (ECF Nos. 1, 2 & 6.) For the following reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss the Complaint.

I.      **FACTUAL ALLEGATIONS**

This case is one of twelve that Wilson filed in this Court in a period of approximately two weeks raising claims against law enforcement officials and others. *See Wilson v. Russell*, No. 24-5404, 2024 WL 4466731, at *1 (E.D. Pa. Oct. 10, 2024) (listing cases). All of Wilson's cases, except this one, have been dismissed prior to service either for failure to comply with Federal Rule of Civil Procedure 8, because they raised frivolous claims, or both. Wilson was recently enjoined from filing new cases on an *in forma pauperis* basis because of this filing activity. *See, e.g.*, *Wilson v. Russell*, Civ. A. No. 24-5404 (E.D. Pa.) (ECF No. 6) (Oct. 16, 2024 Order). The instant case was not dismissed at the outset so that Wilson could cure a defect in his *in forma pauperis* motion. (*See* ECF No. 4.) Now that he has cured the defect, his Motion and Complaint are properly before the Court.

As in several of his prior cases, Wilson names law enforcement officers and other governmental defendants for "planning of kidnapping" his children to "sell" them "to the Mexicans or to whoever." (Compl. at 4.) The Complaint is scant on factual allegations explaining how, precisely, each Defendant contributed to this alleged scheme and how the scheme operated. Wilson contends that he suffered physical injuries, including "stab wounds," "cysts," and an "open wound still on tip of right ring finger," although it is unclear how these injuries relate to his claims. (*Id.* at 5.) He also refers to a court case in Lancaster County and claims he was the target of assassination attempts. (*Id.*) Wilson asks the Court to dismantle "the Philadelphia Police District Department Force and any State Officials [sic] agencies involve[d] with this madness," to arrest "their informants" and to receive a 50% split of certain money allegedly held by Federal Bureau of Investigation, among other things. (*Id.*)

## II.     STANDARD OF REVIEW

The Court will grant Wilson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, the Court is required to screen Wilson's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is

"based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d

at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.    DISCUSSION

The manner in which Wilson has presented his claims is so confusing, disjointed, and unclear, that neither the Court nor the Defendants could be expected to understand the nature of the claims he brings and the factual basis underlying each claim.  As noted above, a complaint must articulate actions taken by each defendant in relation to the plaintiff's claims in a manner that is not ambiguous or confusing.  *Garrett*, 938 F.3d at 93.  The factual basis for Wilson's claims "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Further, many of Wilson's allegations, to the extent they can be understood, appear to be grounded in delusional or otherwise factually or legally baseless allegations.  In sum, even under the most liberal reading of the Complaint, Wilson has not alleged any proper basis for proceeding.

### IV.    CONCLUSION

For the foregoing reasons, the Court will grant Wilson leave to proceed *in forma pauperis* and dismiss his Complaint.  Considering Wilson's recent filing history, the Court concludes that amendment would be futile.  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

s/ Michael M. Baylson
**MICHAEL M. BAYLSON, J.**